UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
| | : | 3:00-CR 00263 (JCH) |
| v. | : | |
| | : | |
| KEVIN HAMLETTE | : | MARCH 8, 2012 |
| | : | |

**RULING RE:**
**RETROACTIVE APPLICATION OF SENTENCING GUIDELINES TO CRACK COCAINE OFFENSE, 18 U.S.C. § 3582 (DOC. NO. 2137), AND MOTION TO RECALL MANDATE OR GRANT RELIEF PURSUANT TO RULE 60(B)(6) (DOC. NO. 2152)**

## I. BACKGROUND

On April 16, 2002, Kevin Hamlette pled guilty to conspiring to possess with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. Sections 841(b)(1)(B) and 846. See Doc. No. 2138. On July 12, 2002, this court sentenced Hamlette to 188 months imprisonment, which was the bottom of the guidelines range as determined based on his offense and his status as a career offender under Sentencing Guidelines section 4B1.1. See Judgment (Doc. No. 1077); Pre-Sentence Report (Doc. No. 2138-2) at ¶ 4 (noting that the government and Hamlette agreed that Hamlette qualifies as a career offender); U.S.S.G. § 4B1.1.

On July 16, 2003, Hamlette filed a Motion to Vacate pursuant to section 2255 of Title 28 of the United States Code, arguing that he was denied effective assistance of counsel and that the statute under which he was convicted was unconstitutional and inapplicable to him. See Motion (Doc. No. 1479); Ruling (Doc. No. 1751). On November 6, 2003, this court granted Hamlette's Motion to Amend his Petition. See Order (Doc. No. 1555). On July 27, 2005, this court denied Hamlette's Motion to

1

Vacate, finding that Hamlette's allegations regarding his counsel's attempts to persuade Hamlette to plead guilty did not render Hamlette's plea agreement involuntary. See Ruling (Doc. No. 1751) at 5-6. Therefore, the waiver of collateral attack rights contained in the plea agreement barred his other claims. See id. at 6-7. On February 19, 2008, this court denied Hamlette's Motion for Leave to File Certificate of Appealability. See Order (Doc. No. 1866); Motion (Doc. No. 1801).

On April 21, 2008, this court ordered Hamlette to show cause why he should be granted relief pursuant to sections 3582(c)(2) and 994(u) of Title 18 of the United States Code and Amendment 706 to the Sentencing Guidelines. See Order (Doc. No. 1885). At Hamlette's request, counsel was appointed on June 3, 2008. See Motion to Appoint Counsel (Doc. No. 1894); Order Granting Motion to Appoint Counsel (Doc. No. 1907). Hamlette, by his counsel, moved for retroactive application of the revised Sentencing Guidelines for crack cocaine offenses on September 19, 2008, but on October 15, 2008, moved to withdraw his Motion for Retroactive Application based on then-new Second Circuit law holding the amended guidelines inapplicable to sentences determined by the career offender guidelines. See Motion (Doc. No. 1958). This court granted the Motion to Withdraw. See Order (Doc. No. 1969).

On September 14, 2009, Hamlette again moved to vacate his sentence pursuant to section 2255 of Title 28 of the United States Code, arguing that, because he was never charged with or convicted of the predicate crimes on which his status as a career offender was based, his attorney provided him with unconstitutionally ineffective assistance by failing to object. See Motion to Vacate (Doc. No. 1), Hamlette v. United States, No. 09-cv-1438 (JCH) (D. Conn. Sept. 14, 2009). On December 30, 2009, this

2

court ruled that Hamlette's Petition was a "second or successive petition," and therefore ordered that it be transferred to the Court of Appeals for the Second Circuit. See Ruling (Doc. No. 7), Hamlette v. United States, No. 09-cv-1438 (JCH) at 4-5 (D. Conn. Dec. 30, 2009). The Court of Appeals denied authorization for this court to consider Hamlette's second petition because Hamlette's claims were "not based on any new and retroactive rule of constitutional law or on newly discovered evidence that would be sufficient to establish that no reasonable factfinder would have found Petitioner guilty of the offense to which he pled." Motion Order (Doc. No. 13), Hamlette v. United States, No. 10-297 (2d Cir. Apr. 6, 2010).

Hamlette wrote to this court on October 3, 2011, requesting appointment of counsel to assist him in obtaining a reduction in his sentence based on the changes in the sentencing guidelines. See Motion to Appoint Counsel (Doc. No. 2137). On November 2, 2011, the court appointed counsel for Hamlette. See Order, Doc. No. 2140.[1]

On January 9, 2012, Hamlette filed a document styled "Motion to Recall the Mandate or Grant Relief Pursuant to Rule 60(B)(6)," requesting that this court reopen his case and resentence him without career offender enhancements. See Motion (Doc. No. 2152).

## II.  RETROACTIVE APPLICATION OF SENTENCING GUIDELINES[2]

Under the commentary to section 1B1.10 of the Sentencing Guidelines, a

---

[1] Counsel has not filed any motion in this case, and notified the court that he did not intend to make any filing.

[2] Although Hamlette's court-appointed counsel has not filed a motion to reduce Hamlette's sentence based on the revisions to the sentencing guidelines effective November 1, 2011, the court nonetheless treats Hamlette's letter requesting counsel as, in part, a request for retroactive application of the amended guidelines. See Motion to Appoint Counsel (Doc. No. 2137).

3

reduction in sentence is not authorized when an amendment to the guidelines "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10 n.(1)(A). Where, as here, a defendant was sentenced pursuant to the career offender guidelines, and that sentence would remain unaltered by amendments affecting the powder-crack sentencing ratio, that defendant is not eligible for a reduced sentence based on those amendments. See, e.g., U.S. v. Rivera, 662 F.3d 166, 171-72 (2d Cir. 2011) (citing U.S. v. Martinez, 572 F.3d 82, 83 (2d Cir. 2009)).

Hamlette was sentenced to 188 months. See Judgment (Doc. No. 1077). At sentencing, the court found that Hamlette was a career offender under guideline 4B1.1, and had a total offense level of 31 and a criminal history category of VI.[3] The corresponding guideline sentencing range was 188 to 235 months.

Because he was sentenced as a career offender,[4] the amendments to the Sentencing Guidelines do not have the effect of lowering the guidelines range applicable to Hamlette. Therefore, Hamlette is not eligible for resentencing.

## III.  MOTION TO RECALL MANDATE

In effect, Hamlette argues that the court should vacate his sentence and

---

[3] Although a transcript of the sentencing has not been ordered by either party, the court has reviewed an informal transcript, among other documents, to refresh its recollection of this case in considering this Motion.

[4] The court notes here, as it did at Hamlette's sentencing, that Hamlette had a total offense level of 31 and a criminal history category of VI regardless of whether he was sentenced as a career offender. However, the plea agreement, the presentence report, and the court's statements at sentencing all reflect the parties' mutual understanding that Hamlette agreed to being, and was sentenced as, a career offender. See Transcript of Guilty Plea (Doc. No. 1661) at 20 (noting the parties agreement regarding Hamlette's career offender status and discussing that such a status "trumps" the possibility of a higher sentence based on drug quantity); Plea Agreement Letter (Doc. No. 947) at 3 ("The parties agree that, based on the defendant's prior criminal record . . . the defendant qualifies as a 'career offender' for sentencing guideline purposes . . . . After a reduction for acceptance of responsibility, the defendant's resulting sentencing guideline range is 188-235 months.").

4

resentence him without the career offender enhancement because his predicate convictions do not qualify him as a career offender under United States v. Savage, 542 F.3d 959 (2d Cir. 2008). See Motion (Doc. No. 2152).

Federal Rule of Civil Procedure 60(b) permits the court to "relieve a party or its legal representative from a final judgment, order, or proceeding" on a variety of specific grounds, as well as "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). A motion pursuant to Rule 60(b) "is not an appropriate vehicle for defendant's attempt to vacate his criminal conviction because the Federal Rules of Civil Procedure govern suits of a civil nature. While a Rule 60(b) motion may be used to set aside a habeas denial in limited circumstances, it does not itself seek habeas relief." United States v. Pope, 124 F. Hamlette's Motion as seeking relief from this court's Ruling on Hamlette's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to section 2255 of Title 28 of the United States Code. See Ruling, Hamlette v. United States, No. 3:09-cv-1438 (JCH) (D. Conn. Dec. 30, 2009) (transferring Hamlette's second or successive petition to the Second Circuit); see also Parisi v. United States, 529 F.3d 134, 139 (2d Cir. 2008) (construing pro se submissions broadly).

"[R]elief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004) (citing Rodriguez v. Mitchell, 252 F.3d 191 (2d Cir. 2001)). When a Rule 60(b) motion attacks the movant's underlying conviction, the Second Circuit has instructed that district courts may either treat the motion as a second or successive habeas petition, or deny the portion of the motion attacking the underlying

conviction as beyond the scope of Rule 60(b).  Harris, 367 F.3d at 82 (citing Gitten v. United States, 311 F. 3d 529, 534 (2d Cir. 2002)).

Hamlette's Motion can only be read as attacking his underlying sentence, rather than his first or second motion to vacate that sentence.  The only ground he asserts for relief from any judgment of this court is the impropriety of his sentence as a career offender because of the Second Circuit's ruling in United States v. Savage, 542 F.3d 959 (2d Cir. 2008).  See Motion (Doc. No. 2152).  The Motion's request is clearly well beyond the scope of Rule 60(b), and is therefore **DENIED**.  Cf. United States v. Zebrowski, No. 3:99-CR-00112 (JCH) at *2, 2009 WL 641246 (D. Conn. Feb. 3, 2009) (denying Rule 60(b) motion for relief from denial of section 2255 motion, where movant sought resentencing pursuant to Apprendi, and declining to certify the motion as a second or successive habeas petition for the reasons discussed in Gitten); Hammie v. United States, No. 3:01CV960 (RNC) at*1, 2005 WL 3543768 (D. Conn. Dec. 20, 2005) (same).

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 8th day of March, 2012.

     /s/ Janet C. Hall
Janet C. Hall
United States District Judge